IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Darnell Belcher,<br><br>          Petitioner,<br><br>vs.<br><br>Craig Apker,<br><br>          Respondent. | No. CV 12-54-TUC-JGZ (HCE)<br><br>**AMENDED REPORT &**<br>**RECOMMENDATION** |

Pending before the Court is Petitioner's Petition under 28 U.S.C. §2241 for a Writ of Habeas Corpus by a Person in Federal Custody (hereinafter "Petition") (Doc. 1) together with a Memorandum of Law in Support of his Petition (hereinafter "Petitioner's Memo.") (Doc. 1-1), both filed through counsel. Respondent filed a Response (Doc. 11; *see also* Doc. 16 (sealed Exh. 2)) and Supplemental Exhibits (Doc. 17) (hereinafter "Supp. Exh."). Although Petitioner was granted an extension of time to filed a reply (Doc. 20), Petitioner did not file a reply. Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for a Report and Recommendation. For the following reasons, the Magistrate Judge recommends that the District Court enter an order dismissing the Petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is presently incarcerated at the United States Penitentiary in Tucson, Arizona. (Petition, p.1; Response, Exh. 1, ¶2).

### A. Conviction & Direct Appeal

In 1997, Petitioner was convicted by jury in the Western District of Virginia, of (1) possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); and (2) possession with intent to distribute marijuana in violation of 21 U.S.C. §841(a)(1). (Petitioner's Memo. p. 2; Response, Exh. 1, Att.3). Prior to Petitioner's conviction, the Government filed an Information notifying Petitioner that "he is subject to an enhanced mandatory life sentence if convicted...." (Supp. Exh. 4). To establish the enhanced sentence, the Government relied on seven prior convictions in the Circuit Court for the City of Martinsville, Virginia, for the sale of cocaine. (*Id.*). On December 15, 1997, Petitioner was sentenced in the underlying federal criminal case to life imprisonment for possession with intent to distribute cocaine, and to a concurrent 235-month term of imprisonment for possession with intent to distribute marijuana. (Response, Exh. 1, Att. 3; *see also* Response, p. 3 ("Pursuant to 21 U.S.C. []§841(b)(1)(A) (1994), a defendant convicted of distribution of 50 grams or more of cocaine base, with two prior felony drug convictions, shall be sentenced to a mandatory term of Life imprisonment." (*citing* 21 U.S.C. §841(b)(1)(A)(1997) & Response, Exh. 2, ¶ 60 (Doc. 16)).

Petitioner appealed his conviction and sentence to the Fourth Circuit Court of Appeals. (Response, p. 3 (*citing United States v. Belcher,* 187 F.3d 631 (4th Cir. 1999) (unpublished)). With respect to his sentence, Petitioner challenged: (1) the calculation of the amount of drugs attributable to him; (2) the imposition of the mandatory statutory minimum life sentence, instead of a lower guideline calculations; and (3) the imposition of the life sentence without parole under the Eighth Amendment. *Belcher,* 187 F.3d 631. The Fourth Circuit rejected Petitioner's arguments and affirmed his conviction and sentence. (*Id.*). The United States Supreme Court denied Petitioner's petition for writ of *certiorari*. *Belcher v. Untied States,* 528 U.S. 1130 (2000).

**B.     Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255**

On January 12, 2001, Petitioner filed before the sentencing judge a *pro se* motion to vacate, set aside or correct sentence under 28 U.S.C. §2255. (Response, p. 3 & Exh. 3). Therein, Petitioner challenged his sentence pursuant to the then-recent Supreme Court decision in *Apprendi v. New Jersey,* 530 U.S. 466 (2000). (*Id*.). The court dismissed the motion on timeliness grounds. (*Id.*). Petitioner appealed, and the Fourth Circuit reversed the district court's untimeliness finding and remanded for the district court to consider Petitioner's claim on the merits. (Response, pp. 3-4 (*citing Belcher v. United States,* 53 Fed.Appx. 308 (4th Cir. 2002) (unpublished)). The district court reopened Petitioner's motion and again dismissed the action. (Response, p. 4). Thereafter, the district court granted Petitioner an extension of time to file an appeal of the order of dismissal, and the court ultimately denied Petitioner's request for a certificate of appealability. (*Id.*).

On September 14, 2004, Petitioner lodged an appeal with the Fourth Circuit. (*Id.*). The Fourth Circuit reviewed the record and concluded that Petitioner had not demonstrated debatable constitutional claims, nor shown that any dispositive procedural rulings by the district court were debatable or wrong. *Belcher v. United States,* 117 Fed.Appx. 289 (4th Cir. 2004) (unpublished). The court denied a certificate of appealability and dismissed the appeal. *Id.*

On December 12, 2005, Petitioner filed with the Fourth Circuit Court of Appeals a motion for authorization to file in district court a second or successive application for relief pursuant to 28 U.S.C. §§ 2254 or 2255. (Response, p. 4). On January 12, 2006, the Court of Appeals denied the motion. (*Id.*).

**C.     Federal Habeas Petition**

On January 20, 2012, Petitioner filed the instant Petition and accompanying Memorandum of Law in support of his Petition. Petitioner raises the following two grounds for relief regarding his life sentence: (1) that under the Fair Sentencing Act of 2010 (hereinafter "FSA"), he "stands convicted of a non-existent offense," (Petition, p.3) (Ground

- 3 -

I);  and (2) that his prior convictions can no longer qualify as predicate felony offenses for enhancement under 21 U.S.C. §851 in light of the Supreme Court's 2010 decision in *Carachuri-Rosendo v. Holder,* __ U.S. __, 130 S.Ct. 2577 (2010) (Ground II).

## II.     DISCUSSION

### A.     Jurisdiction

A federal prisoner challenging the legality of a sentence must generally do so by motion raised in the sentencing court pursuant to 28 U.S.C. § 2255. *See Harrison v. Ollison* 519 F.3d 952, 954 (9th Cir. 2008). Whereas, a prisoner who wishes to challenge the manner, location, or conditions of the execution of a sentence must bring a petition pursuant to § 2241 in the custodial court. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir.2000). There is an exception, however, set forth in § 2255: A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). This provision of § 2255 is referred to as the "savings clause," or the "escape hatch." *Hernandez*, 204 F.3d at 864 n. 2; *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir.2006) (internal quotation marks omitted). If a prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality of a sentence through a § 2241 petition in the custodial court, *Hernandez*, 204 F.3d at 865, which in this case is the District of Arizona.

Petitioner asserts that he is foreclosed from filing a successive § 2255 motion.[1] (*See*

---

[1] Section 2255(h) provides:
A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255(h).

Petitioner's claims for relief in the instant Petition are not grounded on newly

- 4 -

Petitioner's Memo., p.5). Petitioner argues that he may seek relief under § 2241 because the escape hatch provision of § 2255 permits such action. (*Id.*). Respondent counters that Petitioner's Petition is, in reality, a motion to correct or vacate an illegal sentence that should be filed pursuant to 28 U.S.C. §2255 before the sentencing court. (Response, p. 5). Respondent urges the Court to transfer the matter to the Western District of Virginia for consideration as a § 2255 motion. (*Id.* (*citing Muth v. Fondren,* 676 F.3d 815 (9th Cir. 2012)).

The Ninth Circuit has found error where the custodial court transferred an action to the sentencing court without first determining whether the petitioner was entitled to bring a § 2241 petition before the custodial court. *Hernandez,* 204 F.3d at 865. Thus, "[w]here a petitioner claims that §2255 provides an ineffective remedy, the district court in which the petition is brought is required initially to rule whether a §2241 remedy is available under the savings clause." *Id.* at 866. *See also Muth,* 676 F.3d at 818 ("Before proceeding to the merits of a §2241 petition ostensibly brought pursuant to the 'escape hatch' of §2255, a district court must resolve the threshold question whether a petition was properly brought under §2241 or whether the filing should instead be construed as a §2255 motion.").

Petitioner may not proceed with the instant § 2241 Petition absent a showing that his remedy upon a § 2255 motion is inadequate or ineffective to test the legality of his detention. The Ninth Circuit has recognized that the exception provided by the escape hatch is a narrow one. *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). A petitioner qualifies for the escape hatch under § 2255 if he: "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim" by way of his direct appeal or a

---

discovered evidence. Moreover, Petitioner concedes that the FSA is not a new rule of constitutional law and, thus, cannot be made retroactive by the Supreme Court, nor can it be the basis for a new one-year statute of limitations to file a §2255 motion. (Petitioner's Memo., p. 5). Nor does he argue that the holding in *Carachuri-Rosendo* is a new rule of constitutional law made retroactive by the Supreme Court.

- 5 -

§ 2255 motion. *Stephens,* 464 F.3d at 898 (*quoting Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003)); *see also Alaimalo v. United States,* 645 F.3d 1042, 1047 (9th Cir. 2011).

### 1.  Unobstructed Procedural Shot

Like the Ninth Circuit in *Ivy* and *Stephens,* this Court begins the analysis with the second factor, which considers whether Petitioner had an unobstructed procedural shot at presenting his claims by way of direct appeal or a § 2255 motion. To satisfy this prong of the test, "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." *Ivy,* 328 F.3d at 1060. *See also Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); *Holland v. Pontesso*, 234 F.3d 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); *Tripati v. Henman*, 843 F.2d 1160, 1162-1163 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir.1963). If a petitioner proceeding under §2241 fails to meet his burden to demonstrate that the remedy under §2255 is inadequate or ineffective, then the §2241 petition will be dismissed for lack of jurisdiction. *See Ivy,* 328 F.3d at 1061 (declining to address petitioner's claim of actual innocence where petitioner failed to demonstrate that he has been denied an unobstructed procedural opportunity to present that claim).

When determining whether a petitioner's actual innocence claim was unavailable to him during his direct appeal and his first 2255 motion, the Ninth Circuit "consider[s] '(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion.'" *Alaimalo,* 645 F.3d at 1047 (*quoting Harrison,* 519 F.3d at 960).

### a.  Ground I:  FSA

On August 3, 2010, the FSA was signed into law. *See United States v. Baptist,* 646

- 6 -

F.3d 1225, 1226 (9th Cir. 2011). The FSA was

> enacted '[t]o restore fairness to [f]ederal cocaine sentencing.'" Pub.L.No. 111-220, 124 Stat. 2372 (amending 21 U.S.C. §841....The [FSA] reduced the 100–to–1 crack-powder sentencing disparity under § 841(b)(1)....

*Id.* The FSA increased the amount of cocaine base from 50 grams to 280 grams necessary to trigger the mandatory life sentence for defendants with two prior felony drug convictions. (Answer, pp. 6-7); *see also* FSA, Sec. 2, 124 Stat. 2372 (2010) *codified at* 21 U.S.C. §841(b)(1)(A)(iii); *Baptist,* 646 F.3d at 1226-1227 (discussing changes implemented by the FSA). Petitioner contends that the FSA should be applied retroactively to him and that under the FSA, he is actually innocent of the violation of which he stands convicted.[2]

Petitioner correctly points out that the FSA was enacted well-after the time for filing a direct appeal or a § 2255 motion. (Petitioner's Memo., p. 5). Thus, the legal basis for Petitioner's FSA claim did not arise until after he had exhausted his direct appeal and first § 2255 motion. However, although the FSA changed the sentencing scheme, Petitioner is unable to establish that the law changed in any way relevant to his claim. This is so because the Ninth Circuit, "[l]ike every other circuit court to have considered the question..." whether the FSA applies retroactively "to defendants who had been sentenced prior to..." the FSA's enactment, has held that the FSA does not apply retroactively to such defendants. *Baptist,* 646 F.3d at 1229 (citations omitted)[3]; *see also Dorsey v. United States,* __ U.S. __, 132 S.Ct.

---

[2]In making his FSA argument, Petitioner also asserts that because no specific amount of drugs were charged, he is actually innocent of violating 21 U.S.C. §841(b)(1)(A) and can only be charged and sentenced under 21 U.S.C. §841(b)(1)(C). (Petitioner's Memo., p.13 (*citing Apprendi,* 530 U.S. 466)). To any extent that Petitioner attempts to invoke *Apprendi,* the record is clear that he advanced an *Apprendi* argument in his first § 2255 motion and that motion was denied. Petitioner presents no argument to support re-addressing such claim here. Instead, Petitioner bases his Ground I on the FSA.

[3]The "individual judges..." deciding *Baptist*
> believe[d] that the result that we reach in this case—affirming a sentence...under a law that Congress appears to have concluded was groundless and racially discriminatory—subverts justice and erodes the legitimacy of the criminal justice system. We are without power, however, to undo the injustice that we are compelled to authorize when we affirm the

- 7 -

2321, 2335 (2012). (recognizing that "in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced" and holding that the FSA applies to those who committed acts prior to the passage of the FSA, but were sentenced following the August 3, 2010 effective date of the FSA); *United States v. Bullard,* 645 F.3d 237, 248 (4th Cir. 2011)("We agree with all eight circuits that have ruled on the issue that the FSA contains no express statement of retroactivity, nor can any such intent by inferred from its language."), *cert. denied,* __ U.S. __, 132 S.Ct. 356 (2011). Petitioner was sentenced more than a decade before the August 3, 2010 enactment of the FSA and, thus, the FSA does not retroactively apply to him. *Id.* In such a case, the law has not changed in any relevant way for Petitioner. *See Spears v. United States,* 2011 WL 4625709 at *2 (D. Or. Sept. 27, 2011) (because the FSA is not retroactive, the law has not changed in any relevant way for the petitioner to satisfy the escape hatch).

Moreover, Respondent points out that even if the FSA was retroactive, it would not change Petitioner's sentence:

> The FSA increased the amount of cocaine base from 50 to 280 grams necessary to trigger the mandatory life sentence for defendants with two prior felony drug convictions *compare* 21 U.S.C. § 841(b)(1)(B)(iii) [sic] (1994) *with* 21 U.S.C. §841(b)(1)(B)(iii) [sic[4]] (2010). At sentencing the district court congressionally mandated sentence that the district judge understandably declared made his "stomach hurt[ ]" because it was "disproportionate [with respect to] African Americans" and "wrong from a moral sense." We agree wholeheartedly with the district judge. Nevertheless, unless the Supreme Court revises its view of the effect of the General Savings Statute as it applies to ameliorative sentencing laws, only Congress is able to achieve the Fair Sentencing Act's promise "[t]o restore fairness to [f]ederal cocaine sentencing," by amending the Act so as to make it retroactive for all defendants whose sentences had not become final as of the date of its enactment.

*Baptist,* 646 F.3d at 1229-1230 (footnoted omitted).

---

[4]The correct statutory provision is 21 U.S.C. §841(b)(1)(A)(iii).

- 8 -

1  found Petitioner possessed with intent to distribute 1101.96 grams of cocaine
2  base. Exhibit 1 at Attachment 3, Judgement in Criminal Case 4:97CR70018-
   01, page 5 (court adopted the factual findings in the PSR); Exhibit 2, PSR ¶5.
   This is well in excess of the 280 grams required under the statute as revised by
3  the FSA.

4  (Response, pp. 6-7). The Government's argument is well taken.

5  Enactment of the FSA has not changed the law in any relevant way for Petitioner, thus
6  the escape hatch is unavailable to him.

### b. Ground II:  Carachuri-Rosendo

8  A person convicted of a drug offense under the Controlled Substances Act may be
9  subject to an increased sentence by reason of one or more prior convictions for a felony drug
10 offense.  21 U.S.C. §841(b)(1)(A).  Specifically, under the statute in effect when Petitioner
11 was sentenced, "[i]f any person commits a violation of this subparagraph...after two or more
12 prior convictions for a felony drug offense have become final, such person shall be sentenced
13 to a mandatory term of life imprisonment without release...."  21 U.S.C.
14 §841(b)(1)(A)(1997). A "felony drug offense" for purposes of 21 U.S.C. §841 includes "[a]
15 state drug offense punishable by more than one year...even if state law classifies the offense
16 as a misdemeanor." *Burgess v. United States,* 553 U.S. 124, 126-127 (2008); *see also* 21
17 U.S.C. §802(44) (1997) ("The term 'felony drug offense' means an offense that is punishable
18 by imprisonment for more than one year under any law of the United States or of a State or
19 foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, or
20 depressant or stimulant substances."). Pursuant to 21 U.S.C. §851, no person who has been
21 convicted under the Controlled Substances Act may be sentenced to increased punishment
22 by reason of one or more prior convictions unless before trial, or before entry of a plea of
23 guilty, the United States attorney files an information with the court and serves a copy of
24 such information on the person or counsel for the person stating in writing the previous
25 convictions to be relied upon. 21 U.S.C. §851(a)(1)(1997).

26 In Petitioner's case, the Government filed an information pursuant to § 851 for the
27 purpose of enhancing Petitioner's sentence wherein the Government cited seven prior felony
28 drug convictions in state court in Virginia. (Response, p. 2; Supp. Exh. 4). The law in effect

when Petitioner was sentenced mandated that a defendant convicted of distribution of 50 grams or more of cocaine base, with two prior felony convictions, must be sentenced to a mandatory term of life imprisonment. 21 U.S.C. §§ 841(b)(1)(A)(1997).

Petitioner asserts that the enhancement of his sentence is improper under the U.S. Supreme Court's 2010 decision in *Carachuri-Rosendo v. Holder,* __ U.S. __, 130 S.Ct. 2577 (2010), because, according to Petitioner, he was not sentenced to one "year or more of imprisonment on any prior used as a basis for any sentencing enhancements." (Petitioner's Memo., p. 19). In *Carachuri-Rosendo,* the Supreme Court held, *inter alia*, that a prior conviction for a felony drug offense is a conviction for which the defendant could have been actually sentenced to more than one year in prison.[5] *Carachuri-Rosendo,* __ U.S. __, 130 S.Ct. at 2589 ("The mere possibility that the defendant's conduct, coupled with facts outside of the record of conviction, could have authorized a felony conviction under federal law is insufficient...."). *Carachuri-Rosendo* teaches that "we are to look to the [prior] conviction itself as our starting place, not to what might have or could have been charged." *Id.* __ U.S. __, 130 S.Ct. at 2586.

The record reflects that Petitioner's seven prior state drug convictions cited in the § 851 information were for offenses that occurred each on a separate date, and Petitioner was sentenced on the same day for each offense. (Supp. Exh. 4). The seven prior state drug convictions resulted in sentences of five years for two of the convictions, six years for one conviction, and five years suspended and probation for the remaining four convictions. (Response, pp. 7-8; Supp. Exh. 4; *see also* Response, Exh. 2 ¶33 (Doc. 16) (indicating that Petitioner was sentenced to 16 years of imprisonment on the cited charges). All seven prior

---

[5]The issue in *Carachuri-Rosendo* was whether the petitioner had a prior conviction for an "aggravated felony" as defined by the Immigration and Nationality Act, which, on the facts of that case, required the Court to consider, *inter alia,* whether the petitioner's prior conviction was for a drug trafficking crime punishable as a felony under the Controlled Substances Act, 21 U.S.C. §801 *et. seq. Carachuri-Rosendo,* __ U.S. __, 130 S.Ct. at 2581. The Court noted that "[a] felony is a crime for which the 'maximum term of imprisonment authorized' is 'more than one year.'" *Id.* (*quoting* 18 U.S.C. §3559(a)) (footnote omitted).

- 10 -

convictions involved the sale of cocaine in violation of § 18.2-248 of the Code of Virginia and carried a penalty imprisonment "for not less than five nor more than forty years....Upon a second or subsequent conviction of such a violation, any such person may, in the discretion of the court or jury imposing the sentence, be sentenced to imprisonment for life or for any period not less than five years...." Va. Stat. Ann. § 18.2-248© (1991); *see also United States v. Liquori,* 5 F.3d 435 (9th Cir. 1993) (multiple convictions entered on same day, but each constituting separate criminal episodes rather than a single act of criminality, qualify as individual predicate offenses for purposes of 21 U.S.C. §841).  Thus, Petitioner *could have* been sentenced to more than one year of imprisonment on each of the seven prior convictions, and he *was actually* sentenced to more than one year of imprisonment on three of those convictions.  Because Petitioner stands convicted of at least two prior felony drug convictions sufficient to trigger the mandatory life sentence imposed by the district court, *Carachuri-Rosendo* does not result in a change in the law relevant to Petitioner. Consequently, Petitioner does not qualify for the escape hatch on his second ground for relief.

    2. Actual Innocence

In the Ninth Circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614 (1998).  *Stephens*, 464 F.3d at 898-899.  That is, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623 (internal quotation marks omitted); *see also Stephens,* 464 F.3d at 898.

Petitioner claims that in light of the FSA, "he is actually innocent of the enhanced conviction and sentence imposed in his criminal case." (Petitioner's Memo., p. 14).  He also claims that  because the prior state drug convictions do not qualify for enhancement, he "is

actually innocent of violating 21 U.S.C. §851." (*Id.* at p. 19).[6]

The United States Supreme Court, in the context of procedural default, has recognized the actual innocence exception when the applicant can demonstrate actual innocence of the substantive offense, *Murray v. Carrier*, 477 U.S. 478, 496, (1986), or, in the capital sentencing context, of the aggravating circumstances rendering the inmate eligible for the death penalty, *Sawyer v. Whitley*, 505 U.S. 333 (1992). The Ninth Circuit has "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital *sentence* for the purpose of qualifying for the escape hatch." *Marrero v. Ives,* 682 F.3d 1190, 1193 (9th Cir. 2012).[7] It is clear, however, that Petitioner's claim that he is actually innocent

---

[6]Section 851 sets forth the procedure to be followed when the government intends to seek sentencing enhancement. The Court presumes Petitioner means to argue that he is "actually innocent" of the sentencing enhancement provision of 21 U.S.C. § 841(b).

[7]The Ninth Circuit noted that although other circuits have held that a petitioner generally cannot assert a cognizable claim of actual innocence of a noncaptial sentencing enhancement, *Marrero,* 682 F.2d at 1193-1194 (citations omitted), "some of our sister circuits have recognized exceptions to the general rule..." with regard to the following three categories:

First, some courts have held that a petitioner may be actually innocent of a sentencing enhancement if he was *factually* innocent of the crime that served as the predicate conviction for the enhancement. *McKay v. United States,* 657 F.3d 1190, 1199 (11th Cir.2011), *petition for cert. filed,* __ U.S.L.W. __, (U.S. Apr. 23, 2012) (No. 11–9985); *United States v. Pettiford*, 612 F.3d 270, 282 (4th Cir.), *cert. denied*, __ U.S. __, 131 S.Ct. 620 (2010)...; *Poindexter* [*v. Nash,*] 333 F.3d [372,]...381–82 [(2d Cir. 2003)]; *Selsor v. Kaiser*, 22 F.3d 1029, 1036 (10th Cir.1994). Second, some courts have suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible. *See Gibbs v. United States*, 655 F.3d 473, 479 (6tt Cir. 2011)("A challenge to the sentencing court's guidelines calculation ... only challenges the legal process used to sentence a defendant and does not raise an argument that the defendant is ineligible for the sentence she received. The Supreme Court did not intend the 'actual innocence' exception to save such procedural claims."), *cert. denied*, __ U.S. __, 132 S.Ct. 1909 (2012)...; *Gilbert* [*v. United States*], 640 F.3d [1293...,]1323 [(11th Cir. 2011)](declining to decide whether a petitioner could bring a § 2241 petition under the savings clause if "he was sentenced to a term of imprisonment exceeding the statutory maximum"). And third, some courts have left open the possibility that a

- 12 -

under the FSA has no bearing on the instant matter given that the FSA is not retroactive to him. Further, in light of the district court's adoption of the PSR that Petitioner possessed more than 280 grams of cocaine base, such a claim has nothing to do with factual innocence and would not result in a different sentence under the FSA. Accordingly, Petitioner's Ground I does not set forth a cognizable claim of "actual innocence" for the purposes of qualifying to file a § 2241 action under the escape hatch.

Likewise, even if the Ninth Circuit were to apply the actual innocence exception in the non-capital sentencing context, consideration of *Carachuri-Rosendo* does not alter the fact that Petitioner cannot establish actual innocence to avoid the mandatory life sentence given that he stands convicted of the qualifying predicate convictions. Consequently, Petitioner has not raised a cognizable claim of "actual innocence" on Ground II for the purposes of qualifying to file a § 2241 action under the escape hatch.

### III.  CONCLUSION

For the foregoing reasons, Petitioner has failed to demonstrate that he has not had an "unobstructed procedural shot" at presenting his claim, nor has he demonstrated a claim of actual innocence. Consequently, Petitioner fails to satisfy the criteria to qualify to file a §2241 action under the escape hatch. Thus, the only proper course for Petitioner to raise the claims advanced in the instant Petition is by way of a motion under § 2255. Such a motion is properly filed in the Western District of Virginia where Petitioner was sentenced. *Hernandez,* 204 F.3d at 864. This Court may transfer the action if the following three conditions are satisfied: (1) this Court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest

---

petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation. *Trenkler* [*v. United States*], 536 F.3d [85...,] 99–100 [(1st Cir. 2008)]; *Higgins v. Smith*, 991 F.2d 440, 441–42 (8th Cir.1993).

*Marrero,* 682 F.3d at 1194-1195 (declining to decide whether to endorse any of these exceptions because the petitioner did not qualify for any of them).

- 13 -

of justice. 28 U.S.C. §1631; *see also Hernandez,* 204 F.3d at 865 n.6 ("the proper transfer statute [for a §2241 petition that fails to qualify for the escape hatch] would be §1631 which allows transfer to cure want of jurisdiction."). In the instant case, transfer is inappropriate given that Petitioner has already filed one motion pursuant to § 2255, thus, he would be required to seek the approval of the Fourth Circuit Court of Appeals before the district court could accept it. *See* 28 U.S.C. § § 2255, 2244(b)(3)(A); *see also Collins v. Poetess*, 54 Fed.Appx. 665, n.1 (9th Cir. 2003) ("We point out that the Arizona district court could not construe the instant petition as a §2255 motion because it lacked jurisdiction over such a motion.....Moreover, a new §2255 would be [petitioner's] second such motion and he would therefore be required to seek this court's approval before the district court could accept it".) (citations omitted); *Balcar v. Ives,* 2012 WL 2259163 (E.D. Cal. June 15, 2012) (declining to transfer motion to sentencing court where the sentencing court would lack jurisdiction over the motion "because petitioner would first be required to obtain authorization from the Ninth Circuit to file a 'second or successive' §2255 motion...."); *Scales v. Chavez,* 2008 WL 4174869 (D. Ariz. Jan. 30, 2008) (same). On the instant record, Petitioner's §2241 Petition should be dismissed for lack of jurisdiction. *See Stephens,* 464 F.3d at 899 (affirming district court's dismissal of §2241 petition for lack of jurisdiction where petitioner failed to "properly invoke[] the 'escape hatch' exception of §2255 that would permit him to file a petition of habeas corpus under §2241.").

## IV.    RECOMMENDATION

After careful consideration of the Petition and all papers filed in this action, the Magistrate Judge recommends that the District Court dismiss this action in its entirety.

Pursuant to 28 U.S.C. §636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(e), Rules of Practice of the U.S. District Court for the District of Arizona, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed.R.Civ.P. 72(b)(2). If objections are filed, the parties should use the following case number: **CV 12-54-**

**TUC-JGZ.**

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may be deemed a waiver of the party's right to *de novo* review of the issues. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 23rd day of October, 2012.

_____
Héctor C. Estrada
United States Magistrate Judge